**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW FIRM,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-90764 (ARP) |
| CMG FUNDING 2025 LLC<br><br>Plaintiff,<br><br>v.<br><br>CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW FIRM and GALINDO & MOTT, LLP,<br><br>Defendant | Adv. Pro. 26-03633 |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER TEMPORARILY RESTRAINING AND PRELIMINARILY ENJOINING THE DEBTOR FROM USING CASH COLLATERAL ABSENT (I) CMG'S EXPRESS WRITTEN CONSENT OR (II) COURT-APPROVED ADEQUATE PROTECTION FOR CMG'S INTERESTS**

**Emergency relief has been requested. Relief is requested not later than 5:00 p.m., prevailing Central Time, on August 28, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**Participation at the hearing will only be permitted by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Perez's conference room number is 282694. Video communication will be**

[1] The Debtor's address is 18000 Groeschke Road, Suite A-7, Houston, Texas 77084, and the last four digits of the Debtor's federal tax identification number is 5859.

**by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Perez's homepage. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Perez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

CMG Funding 2025 LLC ("CMG"), by and through its undersigned counsel, hereby submits this motion (this "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to 11 U.S.C. §§ 105, 361, and 363, and Rules 4001 and 7065 of the Federal Rules of Bankruptcy Procedure, for entry of an order preliminarily enjoining the Debtor from using CMG's cash collateral absent (i) CMG's express written consent or (ii) Court-approved adequate protection for CMG's secured interests in the cash collateral. In support of the Motion, CMG respectfully states as follows:

## I. PRELIMINARY STATEMENT[2]

1. The Debtor filed this Chapter 11 case on August 24, 2026, and immediately made plans to spend its secured lender's cash without consent, without a court order, and without offering any form of adequate protection.

2. CMG Funding 2025 LLC holds a valid, perfected first-priority security interest in substantially all of the Debtor's property, including all accounts receivable, and all proceeds thereof, securing the Prepetition Obligations. CMG's security interest was duly perfected before the Petition Date through UCC-1 financing statements filed with the Texas Secretary of State and control agreements over deposit accounts maintained at JPMorgan Chase Bank, N.A.

[2] Capitalized terms not defined in this Preliminary Statement have the meanings ascribed to them in the remainder of this Motion.

3. The Bankruptcy Code is unambiguous: a debtor may not use cash collateral unless the secured creditor consents or the Court authorizes such use after notice, a hearing, and a finding of adequate protection. The Debtor has satisfied none of these requirements. Rather, on August 25, 2026, it filed its *Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral, to the Extent Applicable, and Granting Related Relief* (the "Cash Collateral Motion") [Ch. 11 ECF No. 13],[3] purporting to dispute CMG's security interests and liens on the Debtor's Collateral. CMG has not consented to any use of its Cash Collateral, and the Debtor has not obtained any order from this Court authorizing the use of Cash Collateral on terms that protect CMG's interests. Every dollar of Cash Collateral the Debtor asserts is unencumbered and may be spent without adequate protection permanently erodes the collateral base securing the Prepetition Obligations, inflicting irreparable harm that no after-the-fact damages award can remedy. The harm is not speculative, and the Debtor's compliance with section 363 of the Bankruptcy Code and recognition of CMG's valid, perfected and first-priority security interests is warranted.

4. CMG satisfies all four prerequisites for a preliminary injunction under the Fifth Circuit's well-settled standard: a substantial likelihood of success on the merits, irreparable harm absent relief, a balance of equities tipping decisively in CMG's favor, and furtherance of the public interest in enforcing the Bankruptcy Code's cash collateral protections. The relief CMG seeks is narrow and preserves—rather than disrupts—the status quo: it simply requires the Debtor to comply with section 363(c)(2) of the Bankruptcy Code before spending CMG's cash. Although the Debtor has now filed the Cash Collateral Motion, the relief sought therein falls woefully short of adequately protecting CMG's interest, and, in any event, is by its title only sought "to the extent

---

[3] References to "Ch. 11 ECF No." refer to entries on the docket of the Chapter 11 Case.

applicable," based on the Debtor's disingenuous refusal to acknowledge the secured interests provided to CMG under the documents governing the Prepetition Obligations.

5. CMG respectfully urges this Court to act swiftly to restrain the Debtor's proposed dissipation of Cash Collateral and to enter the proposed order enjoining such use absent CMG's written consent or a Court order providing adequate protection.

## II. JURISDICTION

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), including, without limitation, §§ 157(b)(2)(A), (K) and (M).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363, and Federal Rule of Bankruptcy Procedure 7065.

## III. FACTUAL BACKGROUND[4]

### A. General Background

10. On August 24, 2026 ("Petition Date"), the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). In the Debtor's voluntary petition, the Debtor listed CMG's claim as unsecured. *See Voluntary Petition for Non-Individuals Filing for Bankruptcy, Cristobal M. Galindo, P.C.* [Ch. 11 ECF No. 1] (the "Petition").

11. On August 25, 2026, the Debtor filed Cash Collateral Motion.

12. On August 26, 2026, CMG filed the adversary complaint in the above-captioned action (the "Adversary Complaint"), seeking, among other things, a declaration of CMG's secured

---

[4] Unless otherwise specified, all statements of fact set forth herein are drawn from and supported by the *Declaration of Justin Brass in Support of Motion For Entry of an Order Temporarily Restraining and Preliminarily Enjoining the Debtor from Using Cash Collateral Absent (I) CMG's Express Written Consent or (II) Court Approved Adequate Protection for CMG's Interests*, filed substantially contemporaneously herewith.

status. CMG incorporates the Adversary Complaint and the exhibits attached to it by reference in this Motion.

13. The Debtor continues in possession of its property and manages its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

14. Prior to the Petition Date, CMG extended credit to the Debtor under that certain *Credit Agreement* dated as of February 26, 2025, by and between, among others, CMG and the Debtor (as amended, restated, supplemented, or otherwise modified from time to time, the "Credit Agreement"), and related documents including, without limitation, the following (collectively, the "Loan Documents"):

a. *Credit Agreement* dated February 26, 2025;

b. *Note* dated February 26, 2025;

c. *Security Agreement* dated February 26, 2025;

d. *Blocked Account Control Agreement* dated as of April 18, 2025; and

e. UCC-1 financing statements filed with the Texas Secretary of State.

15. As of the Petition Date, the Debtor is indebted to CMG under the Loan Documents in the approximate amount of $50,000,000, including accrued and unpaid interest, fees, costs, and other charges (the "Prepetition Obligations").

16. Pursuant to the Loan Documents, the Debtor granted CMG a continuing, first-priority security interest in, and lien upon, substantially "all of the property of the Debtor," including, without limitation, all "tangible and intangible personal property of the Debtor," "all bank and other accounts and all cash and all investments therein," "proceeds," "income" and all other rights to payment and the proceeds thereof (collectively, the "Collateral").

17. CMG's security interests and liens in the Collateral were duly perfected prior to the Petition Date by, among other things, the filing of appropriate UCC-1 financing statements with the Texas Secretary of State and/or by CMG's control over certain deposit accounts, including accounts maintained at JPMorgan Chase Bank, N.A.

18. The Debtor's current cash and cash equivalents held in any deposit accounts, operating accounts, investment accounts, or otherwise on the Petition Date and thereafter (collectively, the "Cash") are the proceeds of CMG's Collateral and are subject to CMG's valid, perfected security interests and liens. Accordingly, the Cash constitutes "cash collateral" as that term is defined under 11 U.S.C. § 363(a) ("Cash Collateral").

19. The Debtor has not requested CMG's consent to use of Cash Collateral.

20. As of the date of this Motion, CMG has not consented to the Debtor's use of Cash Collateral, and the Debtor has not obtained any order from this Court authorizing the use of Cash Collateral on terms that adequately protect CMG's interests.

## IV. RELIEF REQUESTED

21. CMG seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, temporarily restraining and preliminarily enjoining the Debtor from using CMG's Cash Collateral absent (i) CMG's express written consent, or (ii) further Court order providing adequate protection to CMG pursuant to 11 U.S.C. §§ 361 and 363, and granting such other and further relief as the Court deems just and proper.

## V. ARGUMENT

22. Federal Rule of Civil Procedure 65, made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7065, allows a bankruptcy court to issue temporary restraining orders and preliminary injunctions. *See* FED. R. BANKR. P. 7065 ("Fed. R.

Civ. P. 65 applies in an adversary proceeding."); FED. R. CIV. P. 65 (empowering courts to issue temporary restraining orders and preliminary injunctions).

23. Section 105 of the Bankruptcy Code, moreover, authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105. Under this authority, bankruptcy courts may "fashion . . . orders as are necessary to further the substantive provisions of the Bankruptcy Code." *Coie v. Sadkin (In re Sadkin)*, 36 F.3d 473, 478 (5th Cir. 1994) (quoting *Chiasson v. Bingler* (*In re Oxford Mgmt. Inc.*), 4 F.3d 1329, 1333 (5th Cir. 1993)).

24. To be entitled to a preliminary injunction, a movant must demonstrate the following: (i) a substantial likelihood that the movant will prevail on the merits; (ii) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (iii) that the threatened injury to the movant outweighs the threatened harm an injunction may cause the party opposing the injunction; and (iv) that the granting of the injunction will not disserve the public interest. *Texas v. United States Dep't of Homeland Sec.*, 123 F.4th 186, 198 (5th Cir. 2024). Each factor favors an injunction here.

**A. There Is A Substantial Likelihood CMG Will Prevail On The Merits.**

25. The first factor—likelihood of success—is satisfied because CMG is likely to succeed on the merits of its claim that it holds a valid, perfected security interest in the Cash Collateral and that the Debtor cannot use such Cash Collateral absent CMG's consent or adequate protection. To show a likelihood of success on the merits, a movant "must present a prima facie case, but need not prove that they are entitled to summary judgment." *TitleMax of Texas, Inc. v. City of Dallas*, 142 F.4th 322, 329 (5th Cir. 2025) (quoting *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013)) (cleaned up).

26. As set forth in further detail in the Adversary Complaint, CMG holds an interest in the Debtor's Cash by virtue of its prepetition security interest and liens on the Debtor's deposit accounts, accounts receivable, inventory, and other Collateral, and on the proceeds thereof, granted under the Loan Documents. The Loan Documents, together with the properly filed UCC-1 financing statements and any control agreements over deposit accounts, evidence and perfect CMG's security interest and liens in the Cash and the underlying Collateral. Under section 363(a) of the Bankruptcy Code, "cash collateral" includes "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a). Accordingly, the Debtor's Cash is "cash collateral" under section 363(a) of the Bankruptcy Code, that CMG—as an "entity other than the estate"—has an interest in. 11 U.S.C. § 363(a). Under the express terms of section 363(c)(2) of the Bankruptcy Code, the Debtor therefore may not use the Cash Collateral unless CMG either consents to such use, or the Court, after notice and a hearing, authorizes such use. 11 U.S.C. § 363(c)(2).

27. CMG's liens are valid, binding, enforceable, and perfected against the Debtor and its estate. CMG has more than carried its burden to show a likelihood of success on the merits of its claim for Bankruptcy Code protections of the Cash Collateral.

**B. If The Motion Is Not Granted, CMG Will Suffer Irreparable Harm.**

28. The second factor—irreparable harm—is met because CMG will suffer immediate and irreparable harm if the Debtor, as argued in the Cash Collateral Motion, is able to ignore the validity of the Loan Documents and CMG's perfected security interests, and use Cash Collateral without adequate protection or CMG's consent. The Debtor's proposed unauthorized use reduces the Collateral pool securing CMG's claim and impairs CMG's ability to be repaid by the Debtor.

29. In the Cash Collateral Motion, the Debtor "disputes the amount, validity, extent, enforceability, priority, and perfection of certain asserted liens and claims, including any asserted lien on IOLTA funds, unearned fees, future recoveries, case, client agreements, co-counsel agreements, and other disputed categories of property." *See* Cash Collateral Motion at ¶ 22. The Debtor's statements in the Cash Collateral Motion repudiate what the Debtor expressly agreed to in the Loan Documents, and demonstrate the Debtor's intent to ignore CMG's security interests and use the Cash in part to fund the Chapter 11 Case.

30. Injunctive relief is an extraordinary remedy, but Cash Collateral is not merely an ordinary estate asset; it is the most liquid asset that a debtor's estate may hold, and therefore lends a secured creditor the greatest chance of being returned the dollar value of its secured claim. The Bankruptcy Code therefore places special restrictions on its use, which should not and cannot be circumvented by a debtor's refusal to recognize it as such. Indeed, when "secured creditors (under the UCC or otherwise) seek court intervention to maintain their position, the prospective loss of their *status quo* security interest has been held sufficient to constitute the irreparable harm needed to justify an injunction." *Plainfield Specialty Holdings II Inc. v. Children's Legal Servs. PLLC*, 634 F. Supp. 2d 833, 846 (E.D. Mich. 2009); *see also Temsa Ulasim Araclari Sanayi Ve Ticaret A.S. v. CH Bus Sales, LLC*, No. CV 18-698-RGA, 2018 WL 4179456, at *3 (D. Del. Aug. 31, 2018) (finding creditor "has demonstrated a sufficient threat to its security interest" warranting preliminary injunction to prevent loss or destruction of creditor's collateral).

31. A harm is irreparable "where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) (citing *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981)). In this case, only an order restraining the Debtor's use of the Cash Collateral will prevent harm to CMG. On the face of the Cash Collateral

Motion, it would seem that the Debtor is offering CMG adequate protection, but the Debtor is not. Replacement liens only to the extent set forth in the proposed order attached to the Cash Collateral Motion are not a meaningful remedy, especially given CMG's existing security interests in the Debtor's assets. *See* Cash Collateral Motion at ¶ 13.

32. On information and belief, no other creditor holds a lien senior to CMG's lien in such Cash, meaning that CMG specifically will suffer harm. Every dollar of Cash Collateral spent without adequate protection permanently reduces the Collateral base securing CMG's claim, causing irreparable harm. The Debtor's proposed use of CMG's Cash Collateral without either consent or adequate protection deprives CMG of the very protection the Bankruptcy Code requires before that collateral may be utilized to administer the estate.

**C. The Threatened Injury To CMG Outweighs The Threatened Harm To The Debtor.**

33. The balance of harms favors entry of a preliminary injunction. The injunctive relief requested in this Motion is narrow; it would not determine the full amount of CMG's claim, grant final relief on all lien issues, or bar the Debtor from seeking authority to use the Cash Collateral or obtain financing. Simply, the relief would preserve the status quo by prohibiting the Debtor from using CMG's cash collateral unless CMG consents, or the Debtor obtains authority from this Court after providing adequate protection to CMG. The Debtor remains free to seek Court authorization to use Cash Collateral on terms that adequately protect CMG, or to obtain alternative financing that preserves CMG's bargained-for security interest in its Collateral. CMG merely seeks to preserve its Collateral position pending such determination or resolution.

34. Alternatively, as stated above, the Debtor's proposed use of Cash Collateral to pay the expenses associated with the Chapter 11 Case, while ignoring the legally binding Loan Documents it executed in favor of CMG in exchange for approximately $45 million, will

immediately and irreparably diminish CMG's Collateral and jeopardize CMG's ability to be repaid on its Prepetition Obligations. CMG cannot afford to wait for a decision on the merits of the Adversary Complaint before the Debtor is prohibited from using the Cash Collateral without appropriate safeguards, which warrants immediate injunctive relief.

**D. Granting The Preliminary Injunction Will Benefit Public Interest.**

35. Finally, the fourth factor—public interest—also supports granting the requested injunction. The requested relief is consistent with the Bankruptcy Code's structure regarding cash collateral, protects CMG's bargained-for security interests, and promotes orderly administration of the estate in compliance with the express provisions of the Bankruptcy Code.

36. CMG filed the Adversary Complaint, seeking a declaration of the secured status of CMG's claim against the Debtor. Pending the resolution of the Adversary Complaint, it would benefit the public interest to maintain the status quo and prevent the proposed unauthorized use of the Cash Collateral as sought by the Debtor in the Cash Collateral Motion.

37. Cash collateral includes cash, negotiable instruments, deposit accounts, other cash equivalents, and the proceeds, products, offspring, rents, or profits of property in which both the estate and another entity have an interest. A debtor may not use cash collateral unless the creditor with an interest in the collateral consents or the court, after notice and a hearing, authorizes such use. 11 U.S.C. § 363(c)(2). If the creditor does not consent, cash collateral may be used only to the extent the court determines that the creditor's interest is adequately protected. The Debtor bears the burden of proving that a secured creditor is adequately protected for purposes of using cash collateral.

38. The Debtor does not have CMG's consent to use Cash Collateral. CMG expressly withholds consent to any use of its Cash Collateral absent adequate protection acceptable to CMG or ordered by the Court. Absent consent or adequate protection, the Debtor's proposed use of Cash

Collateral, which request conspicuously avoids addressing CMG's substantial secured claim, violates section 363(c)(2) of the Bankruptcy Code and constitutes cause for the Court to prohibit or condition such use.

39. Accordingly, good cause exists for the entry of injunctive relief pursuant to sections 105(a) and 363(a) of the Bankruptcy Code.

### E. CMG Should Not Be Required to Post Security Under Federal Rule of Bankruptcy Procedure 7065

40. Because CMG seeks only to protect its Collateral and ensure the Debtor's compliance with the Bankruptcy Code, no security should be required pursuant to Bankruptcy Rule 7065 and Rule 65(c) of the Federal Rules of Civil Procedure. CMG seeks the relief requested herein as a direct result of the blatant failure of the Debtor to acknowledge CMG's valid, perfected and first-priority security interest in the Collateral. The Debtor filed a voluntary petition and is subject to this Court's jurisdiction, and the benefits and burdens of the Bankruptcy Code, including under section 363. The harm to the Defendants as a result of any preliminary injunctive relief would be minimal, if any harm exists at all. No security bond is appropriate.

## VI. NO PRIOR REQUEST

41. No prior request for the relief sought herein has been made to this Court or any other court.

## VII. NOTICE

42. Notice of this Motion will be provided to the following parties or their respective counsel: (a) the Debtor; (b) the U.S. Trustee; (c) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (d) all parties whose rights are affected by the Motion. CMG respectfully submits that, in light of the nature of the relief requested, no further notice is necessary.

## VIII. CONCLUSION

WHEREFORE, for the foregoing reasons, CMG respectfully requests that this Court enter the Proposed Order, temporarily restraining and preliminarily enjoining and prohibiting the Debtor from using CMG's Cash Collateral absent (i) CMG's express written consent, or (ii) an order of this Court authorizing such use and providing CMG with adequate protection pursuant to 11 U.S.C. §§ 361 and 363, and grant such other and further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank.]*

Dated: August 26, 2026
Houston, Texas

Respectfully submitted,

*/s/ Craig Stanfield*
Craig Stanfield (TX Bar No. 24051371)
**PAUL HASTINGS LLP**
609 Main Street, Suite 2500
Houston, TX 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-0111
Email: craigstanfield@paulhastings.com

-and-

Kristopher M. Hansen (*pro hac vice* pending)
Jon Canfield (*pro hac vice* pending)
Daniel Ginsberg (*pro hac vice* pending)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Emails: krishansen@paulhastings.com
joncanfield@paulhastings.com
danielginsberg@paulhastings.com

-and-

Adam Harris (*pro hac vice* pending)
Reuben E. Dizengoff (*pro hac vice* pending)
**MCDERMOTT WILL & SCHULTE LLP**
919 Third Avenue
New York, NY 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955
Emails: acharris@mcdermottlaw.com
rdizengoff@mcdermottlaw.com

*Counsel to CMG Funding 2025 LLC*

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Craig Stanfield*
Craig Stanfield