**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>CRISTÓBAL M. GALINDO, P.C. d/b/a<br>GALINDO LAW FIRM,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-90764 (ARP) |
| CMG FUNDING 2025 LLC,<br><br>Plaintiff,<br><br>v.<br><br>CRISTÓBAL M. GALINDO, P.C. d/b/a<br>GALINDO LAW FIRM, and<br>GALINDO & MOTT, LLP,<br><br>Defendants. | Adv. Pro. No. 26-03633 (ARP) |

**DEFENDANTS CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW FIRM AND GALINDO & MOTT, LLP'S EMERGENCY MOTION FOR RELIEF FROM PENDING DEADLINES AND TO RESCHEDULE RULE 7016 CONFERENCE**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

Defendants Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm (the "Debtor" or "Galindo Law Firm") and Galindo & Mott, LLP ("GM LLP," and together with the Debtor, the "Defendants"), through their proposed litigation counsel, file this emergency motion for relief from all pending pretrial deadlines and to reschedule the Rule 7016 conference set for October 19, 2026. In support, the Defendants respectfully state as follows:

# I. FACTUAL BACKGROUND

## A. Defendants Retained Litigation Counsel Just Four Days Ago Who Need Time To Come Up To Speed.

1. The Defendants retained Sbaiti & Company PLLC as litigation counsel in this adversary proceeding on Thursday, October 8, 2026—eleven days before the currently scheduled Rule 7016 conference and, at most, four days before the Rule 26(f)(3) report deadline. CMG Funding 2025 LLC ("CMG") seeks a declaration that it holds a first-priority lien on essentially all of the Defendants' assets, securing a claim of more than $51 million. Compl. ¶¶ 3, 6, 28 [Adv. Dkt. No. 1]. The Court's Order requires a paragraph-by-paragraph answer, which is currently due on October 13, a substantive Rule 26(f) report, and counsel at the conference with full Rule 16(c) authority who is prepared to meaningfully discuss the scheduling needs of this matter. Order ¶¶ 2–9 [Adv. Dkt. No. 10]. Counsel who has had the file for less than a week cannot competently fulfill those filing obligations while in good faith discharging their duties to their clients. Notably, there is a mediation scheduled on November 9, 2026—early in the proceedings no doubt in the hopes of preserving scarce resources. The requested 30 days is consistent with this entire thesis; it is not contrary to it.

## B. The Defendants Sought Relief Within Days of Retaining Litigation Counsel.

3. The Debtor filed for chapter 11 on August 24, 2026. Compl. ¶ 14. Two days later, as if it was lying in wait for the bankruptcy filing to come, CMG sued both Defendants. *Id.* at 1, 22. The Complaint is 88-paragraphs long, has eighteen exhibits, and rests on a complex web of loan and account-control documents, reaching into three state-court proceedings. *Id.* ¶¶ 25–48, 61 n.18. It also accuses the Debtor's principal and an alleged insider of diverting more than $6.5 million in collateral. *Id.* ¶¶ 5, 61. The Defendants dispute liability. But they cannot admit or deny

the Complaint paragraph by paragraph without counsel who is familiar with the record and the facts.

4. On September 11, 2026, the Court set the Rule 7016 conference for October 19, 2026. Order ¶ 1. The Order requires the attendance of an attorney with Rule 16(c) authority who is ready to discuss proportionality and help draft a comprehensive scheduling order. *Id.* ¶¶ 2–4. That attorney was hired last Thursday—and awaits approval by the Court. The Order also requires answers that admit or deny every allegation, the assertion of affirmative defenses that satisfy Rule 11, and a Rule 26(f)(3) report filed "not later than 7 days before the Rule 16 conference." *Id.* ¶¶ 5–9. Seven days before October 19 is today Monday, October 12.

5. The Defendants' engagement of Sbaiti & Company PLLC was finalized on October 8, 2026. On the very next day, October 9, Mazin A. Sbaiti, counsel for Defendants, asked CMG's counsel whether anyone objected to 30days to answer and serve disclosures. CMG's counsel replied that CMG had already given an extension and held the Rule 26 conference. He did not state whether CMG would oppose a motion. On Sunday, October 11, Kevin N. Colquitt, also counsel for Defendants, followed up to ask if CMG is opposed. As of the time of the filing of this motion, CMG has not stated its position.

## II. EMERGENCY CONSIDERATION IS NECESSARY

6. An emergency exists under Bankruptcy Local Rule 9013-1(i). The conference is eight days away, the report is due today on the most generous computation, and the answer is due tomorrow. Without relief, the Defendants must either appear through counsel who cannot yet speak knowledgeably to the claims and discovery or risk noncompliance with the Order.

## III. ARGUMENT & AUTHORITIES

### A. The Recent Retention of Litigation Counsel Is Sufficient Cause Under Rule 9006(b)(1).

7. The Court may extend a period set by rule or order, for cause, when the request is made before the period expires. Fed. R. Bankr. P. 9006(b)(1). Cause is plain. The Defendants are entitled to litigation counsel of their choice. They retained litigation counsel on October 8. Counsel sought an accommodation the next day and came to the Court when agreement did not come in time. The conference date and the answer and disclosure deadlines have not passed. Thirty days is the minimum reasonable time to answer an 88-paragraph complaint filed with extensive documentation after the reasonable inquiry the Order requires. Order ¶¶ 5–6.

### B. Every Factor Favors Modifying the Pretrial Schedule.

8. Federal Rule of Civil Procedure 16(b)(4), incorporated into adversary proceedings through Federal Rule of Bankruptcy Procedure 7016, provides: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Fifth Circuit applies a four-factor test to evaluate good cause under Rule 16(b)(4): (1) the explanation for the party's failure to meet the deadline or to timely seek modification; (2) the importance of the modification; (3) potential prejudice to the opposing party; and (4) the availability of a continuance to cure such prejudice. *S&W Enters.. v. Southtrust Bank of Ala.,* 315 F.3d 533, 536 (5th Cir. 2003). The standard "focuses on the diligence of the party seeking the modification to the scheduling order." *Mackey v. Bank of Am., N.A.*, No. 4:18-CV-3271, 2020 U.S. Dist. LEXIS 150837, at *5 (S.D. Tex. Aug. 20, 2020) (quoting *Klein v. Fed. Ins. Co.*, Civ. Action 03-102, 2014 U.S. Dist. LEXIS 7584, 2014 WL 239652, at *4 (N.D. Tex. Jan. 22, 2014)).

9. Each factor favors relief. The explanation is concrete: litigation counsel entered the case on October 8 and moved within days. The modification matters because the conference will

produce the order that governs the case, and the answers will fix the Defendants' positions on a claim exceeding $51 million. Order ¶ 4; Compl. ¶ 28. Prejudice to CMG is minimal. The case is at its earliest stage, and no scheduling order or trial date exists. And a short continuance is itself the cure.

**C. A Conference Without the Lead Counsel Would Defeat Rule 16's Purposes.**

10. Rule 16 conferences exist to expedite disposition, discourage wasteful pretrial activity, and improve preparation. Fed. R. Civ. P. 16(a)(1), (3), (4). Counsel must hold authority to make stipulations and admissions, and a party "substantially unprepared to participate" may be sanctioned. Fed. R. Civ. P. 16(c)(1), (f)(1)(B). The Advisory Committee has recognized that litigation "involving complex issues, multiple parties, and large organizations . . . may be more likely to need extra time[.]" Fed. R. Civ. P. 16 advisory committee's note to 2015 amendment. This case qualifies. It involves two defendants, a lender, a servicer, alleged insiders, three parallel forums, and collateral tied to thousands of client matters that raise privilege concerns. Compl. ¶¶ 21, 24–26, 47, 61 n.18. A conference held now would yield a schedule built on guesses, likely followed by motions to fix it.

**D. The Earlier Extension and Rule 26(f) Meeting Predated Lead Litigation Counsel's Involvement.**

12. The Defendants acknowledge that CMG previously agreed to an extension and that a Rule 26(f) meeting occurred. Both happened before the Defendants retained lead litigation counsel. A report built on that meeting would commit the Defendants to positions their lead litigation counsel never evaluated nor saw it best to adhere to. Nor does the number of firms in the main case matter. The question is whether the attorney who will speak for the Defendants in this adversary proceeding has the knowledge and authority to do so. Order ¶ 2. This is that attorney's first request to extend those deadlines.

## IV. REQUESTED RELIEF

13. The Defendants request that the Court enter an order (a) extends by 30 days each Defendant's deadlines to answer or otherwise respond to the complaint and to serve Rule 26(a)(1) disclosures, along with every other pending pretrial deadline applicable to the Defendants; (b) directs a supplemental Rule 26(f) meeting with the Defendants' litigation counsel; (c) resets the Rule 7016 conference to a date on or after November 18, 2026, with the parties' joint report due seven days before; (d) leaves the Order [Dkt. 10] otherwise in force; and (e) preserves every party's rights concerning cash collateral and interim relief. The Defendants also request such other relief as is just.

Dated: October 12, 2026.

Respectfully submitted,

*/s/ Kevin N. Colquitt*

**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Kevin N. Colquitt**
Texas Bar No. 24072047
3102 Maple Avenue, Suite 400
Dallas, TX 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
knc@sbaitilaw.com

## CERTIFICATE OF ACCURACY

Pursuant to Bankruptcy Local Rule 9013-1(i), I certify that the facts stated in this motion concerning the existence of an emergency and the need for emergency consideration are true and accurate to the best of my knowledge, information, and belief.

/s/ Kevin N. Colquitt
Kevin N. Colquitt

## CERTIFICATE OF CONFERENCE

On October 9, 2026, Mazin A. Sbaiti of my firm emailed counsel for CMG Funding 2025 LLC, including Craig Stanfield, Will C. Farmer, Kristopher M. Hansen, Jon Canfield, and Daniel Ginsberg of Paul Hastings LLP, and other counsel involved in the case, and asked whether anyone objected to the Debtor having 30 days to answer or otherwise respond to the complaint and to serve disclosures. Mr. Stanfield responded the same day. He questioned the need for a second extension but did not state whether CMG would oppose the relief requested in this motion. On October 11, 2026, I emailed Mr. Stanfield and the other counsel, described the relief requested in this motion, and requested CMG's non-opposition. As of the time of filing, I have been unable to determine CMG's position on this motion.

/s/ Kevin N. Colquitt
Kevin N. Colquitt