**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW FIRM,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-90764 (ARP) |
| CMG FUNDING 2025 LLC,<br><br>Plaintiff,<br><br>-against-<br><br>CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW FIRM, and GALINDO & MOTT, LLP,<br><br>Defendants. | Adv. Pro. 26-03633 (ARP) |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' EMERGENCY MOTION FOR RELIEF FROM PENDING DEADLINES AND TO RESCHEDULE RULE 7016 CONFERENCE**

[1] The Debtor's address is 18000 Groeschke Road, Suite A-7, Houston, Texas 77084, and the last four digits of the Debtor's federal tax identification number is 5859.

CMG Funding 2025 LLC ("CMG" or "Plaintiff"), by and through its undersigned counsel, hereby submits this objection (this "Objection") to the *Emergency Motion for Relief from Pending Deadlines and to Reschedule Rule 7016 Conference* [Adv. ECF No. 17] (the "Emergency Motion") filed by defendants Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm (the "Debtor") and Galindo & Mott, LLP ("GM LLP" and together with the Debtor, the "Defendants," and each a "Defendant," and collectively with CMG, the "Parties"). In support of the Objection, CMG respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Defendants seek an extraordinary remedy on an emergency basis—relief from all deadlines in this Adversary Proceeding and rescheduling of the Rule 7016 Conference so-ordered by this Court over five weeks ago. The Defendants have the burden to establish good cause for such a modification to the deadlines in this Adversary Proceeding, and they fall far short of doing so.

2. As an initial matter, the Defendants' failure to notify Plaintiff of any impediments to litigating this matter and complying with the Court's Order Setting Rule 7016 Conference until, at the earliest, six days before the Parties' Joint Rule 26(f) Report was due, leads Plaintiff to only one conclusion—the Defendants' proposed retention of yet another law firm and request for a second extension of litigation deadlines in this Adversary Proceeding is nothing more than a litigation tactic to delay and prevent Plaintiff from reaching a timely determination of its rights. The Motion, however, also fails on the merits. In determining whether good cause exists to modify an adversary proceeding litigation schedule, courts in the Fifth Circuit look to four elements: (1) the explanation for the failure to meet the deadline or seek an amendment to the schedule; (2) the importance of the amendment; (3) potential prejudice in permitting the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., L.L.C. v. SouthTrust Bank of*

*Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). The "focus of the 'good cause' analysis is the movant's diligence in attempting to comply" with the deadlines at issue. *Shapiro v. Wall St. Health Servs. (In re Uplift RX, LLC),* 625 B.R. 364, 376 (Bankr. S.D. Tex. 2021) (internal citations omitted).

3. Defendants fail to satisfy any of the four factors this Court should review. First, and most importantly, Defendants demonstrate a total lack of diligence in complying with their litigation deadlines. Notwithstanding that the Debtor and its counsel in the Chapter 11 Case have been aware of the Adversary Proceeding since late August, the Debtor waited for more than five weeks (and after the Rule 26(f) Conference) to retain new litigation counsel to represent both the Debtor and GM LLP and seek an additional extension of those same deadlines. Second, the asserted importance of modifying the litigation schedule is unclear to Plaintiff. The Debtor presented the dispute giving rise to this Adversary Proceeding in its Petition, testified to the dispute in the First Day Declaration, and presented additional legal and factual issues directly relevant to the Complaint in the context of its Cash Collateral Motion, all filed in August 2026. Two experienced restructuring counsel already represent the Debtor and have been aware of the Complaint and the legal and factual disputes to be presented for nearly two months. The Defendants have presented no basis why further delay of the Adversary Proceeding is important or necessary, or why the Defendants failed to timely provide Initial Disclosures or prepare their responses to the Complaint.

4. Third, the prejudice to Plaintiff should the deadlines governing this proceeding be further extended is substantial. In response to the Debtor's Petition and First Day filings, Plaintiff urgently filed the Complaint in order to protect its rights and obtain a ruling as to the validity of its liens and amount of its secured claim, among other relief. Plaintiff intends to pursue discovery

now against Defendants and third parties, and any effort to delay those efforts will only prejudice Plaintiff. Perhaps that is the goal of this late request for an extension of deadlines. The prejudice to the estate and all creditors if the Adversary Proceeding is not expeditiously resolved is also significant. Plaintiff is the Debtor's largest creditor, and absent clarity with respect to its claim treatment, the Debtor has no viable path to a successful reorganization and plan process.

5. Lastly, a continuance would not serve to limit the prejudice Plaintiff will suffer should the Defendants' requested modifications be permitted. The Motion seeks to continue all deadlines in the Adversary Proceeding and take the Rule 7016 Conference off of the Court's calendar, notwithstanding the Defendants' knowledge of the same for over five weeks. Certainly Defendants have not explained their delay in retaining yet another set of lawyers to litigate issues they put before the Court at the time the Debtor filed for bankruptcy protection.

6. At bottom, the Motion appears to be an effort to prevent Plaintiff from timely obtaining relief on its claims, the efficient exchange of discovery, and little more than a delay tactic. Such tactics should not be countenanced by the Court, and the Motion should be denied for all of the reasons stated herein.

## BACKGROUND

### I. The Chapter 11 Case

7. On August 24, 2026 (the "Petition Date"), the Debtor commenced the chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. [Main Case ECF No. 1.][2] The Debtor is operating and managing

[2] References to "[Main Case ECF No. __]" mean and refer to items on the docket of the Chapter 11 Case. References to "[Adv. ECF No. __]" mean and refer to items on the docket of the above-captioned Adversary Proceeding.

its business as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 Case.

8. The Debtor's Official Form 204 listed Plaintiff as its largest ***unsecured*** creditor. [*Id.* at 9.] Mr. Cristóbal M. Galindo signed the Petition as an authorized representative of the Debtor, under penalty of perjury. [*Id.* at 4.]

9. Also on August 24, 2026, proposed co-counsel to the Debtor, Hayward PLLC, entered its appearance in the Chapter 11 Case. [Main Case ECF No. 6.]

10. On August 25, 2026, the Debtor filed an *Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral, to the Extent Applicable, and Granting Related Relief* (the "Cash Collateral Motion") [Main Case ECF No. 13], admitting that "CMG Funding 2024 LLC, [and Plaintiff]," and other entities may be determined to hold an interest in Cash Collateral, and referring to Plaintiff, among others, as "the Prepetition Secured Parties." [Cash Collateral Mot. ¶ 5.]

11. On August 26, 2026, counsel to Plaintiff entered its appearance in the Chapter 11 Case. [Main Case ECF No. 15.]

12. Also on August 26, 2026, the Debtor filed the *Declaration of Cristóbal M. Galindo in Support of Chapter 11 Petition and First Day Motions* [Main Case ECF No. 22] (the "First Day Declaration"), testifying that on February 26, 2025, the Defendants entered into that certain *Credit Agreement* (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "2025 Credit Agreement" or the "2025 Facility") with Plaintiff as lender and as administrative agent. [First Day Decl. ¶ 15.] Mr. Galindo further testified that the 2025 Facility and amounts available thereunder were based on a "Borrowing Base"[3] and admitted

[3] [*Id.* ¶ 16].

the Debtor's "DACA" account (ending in x6963) "is governed by a DACA between [Plaintiff] and [JPMorgan] Chase [Bank, N.A.]" [*Id.* ¶¶ 23.(b), 25.] Mr. Galindo also testified that, "while GLF did grant a security interest"[4] to Plaintiff, the Debtor nonetheless "dispute[d] the validity, priority, enforceability, perfection, extent, and amount of any asserted lien" on "disputed categories of property" covering essentially all of Plaintiff's Collateral under the 2025 Loan Documents.

13. Thus, in its First Day Declaration, Debtor put at issue key points of dispute in the Adversary Proceeding. Yet, oddly, Debtor's counsel now claims that they need time to understand the matters that their own client made a central focus of this case. Debtor cannot continue to hire lawyer upon lawyer for the simple purpose of delaying resolution of the key issues in dispute.

## II. The Adversary Proceeding

14. In response to the Petition and Cash Collateral Motion, on August 26, 2026, Plaintiff filed the Complaint, [Adv. ECF No. 1], and a Request for Issuance of Summons on Defendants, [Adv. ECF No. 3.]

15. A Summons was issued on August 27, 2026, [Adv. ECF No. 7], and Plaintiff served the Summons and Complaint on both Defendants right away, [Adv. ECF Nos. 8-9.]

16. On September 11, 2026, the Court entered its *Order Setting Rule 7016 Conference, Requiring Rule 7026 Meeting, Establishing Procedures for Discovery Disputes, and Emphasizing Applicability of Certain Federal Rules of Civil Procedure as Made Applicable by the Federal Rules of Bankruptcy Procedure* [Adv. ECF No. 10] (the "Order Setting Rule 7016 Conference"), scheduling the conference for October 19, 2026 at 11:00 a.m. Pursuant to the Court's Order Setting Rule 7016 Conference, the Parties were required to conduct a Rule 26(f) meeting and file a Rule 26(f)(3) report no later than seven days before the Rule 7016 conference (i.e., by October

---

[4] [*Id.* ¶ 55].

12, 2026). Plaintiff and Debtor did so; GM LLP did not attend and it is unclear whether it is represented or not.

17. On September 24, 2026, proposed co-counsel to the Debtor, Hayward PLLC (Mr. Shelton), e-mailed counsel to Plaintiff to request in writing an agreed extension of the Debtor's response deadline in the Adversary Proceeding, which was then September 28, 2026. (*See* **Exhibit A** to the *Declaration of Craig Stanfield in Support of Plaintiff's Objection to Defendants' Emergency Motion for Relief from Pending Deadlines and to Reschedule Rule 7016 Conference*) (the "Stanfield Declaration"). Proposed co-counsel noted that Defendant "Galindo & Mott does not have separate counsel and [counsel to The Mott Law Firm, PLLC] and I are working on that issue." (*Id.*) Proposed co-counsel noted that the Parties Rule 26(f) Conference had been agreed to be held on October 6, 2026, and "propose[d] an answer and disclosure deadline of 10/12[,]" to which Plaintiff agreed in writing as to the Debtor. (*Id.*)

18. On October 6, 2026, Mr. Shelton and counsel to Plaintiff held the agreed Rule 26(f) Conference (the "Rule 26(f) Conference"). As of that date, Defendant GM LLP had not responded to Plaintiff's Complaint nor sought an extension of any deadlines in the Adversary Proceeding.[5] During the Rule 26(f) Conference, the Plaintiff and the Debtor discussed the nature and basis of their respective claims and defenses, the possibility of resolving or narrowing issues, initial disclosures, preservation of discoverable information, electronically stored information, privilege issues, discovery sequencing, and a proposed case schedule. Mr. Shelton for the first time mentioned to Plaintiff's counsel that the Defendants might engage additional litigation counsel in the Adversary Proceeding, Sbaiti & Company PLLC, including based upon possible conflicts, and that proposed litigation counsel would likely contact Plaintiff later that day, including to seek an

[5] Plaintiff reserves all rights in this respect, including as to requesting entry of default as to Defendant GM LLP.

extension of deadlines in the Adversary Proceeding. (Stanfield Decl. ¶ 3.) Notably, Sbaiti & Company PLLC did not email for several more days.

19. At the Rule 26(f) Conference, Plaintiff's counsel responded to Mr. Shelton that given the prior written agreement to extend the Debtor's response deadline, the number of counsel already engaged by the Debtor and other parties in interest in the Chapter 11 Case, and the importance, urgency, and relative lack of complexity of Plaintiff's claims, it was unlikely to agree to any further extensions of deadlines as to the Debtor.

20. On Friday, October 9, 2026, proposed litigation counsel in the Adversary Proceeding e-mailed Plaintiff to request a 30-day extension of all deadlines in the Adversary Proceeding, but only on behalf of Debtor, not GM LLP. (*See* **Exhibit B** to Stanfield Decl.) Plaintiff that day responded that a further extension of deadlines in the Adversary Proceeding seemed unnecessary, including based upon the prior written agreement to extend the Debtor's Answer deadline, the conclusion of the Rule 26(f) Conference on October 6, the substantial work that had already been done to prepare the Joint Rule 26(f) Report, and the number of counsel and firms involved in the case. (*Id.*) Newly retained counsel waited two more days and responded the night of October 11, displaying a further lack of urgency. As before, counsel did not indicate at all that it represented GM LLP, and claimed that the engagement was finalized on October 8, but did not indicate when it was first contacted or why counsel had not been able to coordinate with Debtor's existing counsel who had appeared in the Chapter 11 Case months before.

21. On October 12, 2026, consistent with the September 25 written agreement between the Plaintiff and the Debtor, the Plaintiff served its Initial Disclosures on the Defendants. Neither the Debtor nor GM LLP filed its Answer.

22. Also on October 12, following the filing of the Emergency Motion, Plaintiff shared with the Defendants its proposed Joint Rule 26(f) Report. Defendants declined to include their positions in the report, and Plaintiff filed the Rule 26(f) Report only on its behalf. [*See* Adv. ECF No. 18].

**OBJECTION**

**I. Defendants Fail to Establish Good Cause for An Extension Under Rule 9006.**

23. Because the Defendants have not demonstrated that they were diligent in seeking their requested extensions of time in this Adversary Proceeding, the filing of their Emergency Motion (and eleventh-hour retention of new counsel) appears to be a litigation tactic to delay adjudication of this dispute, and therefore the Motion should be denied. *See Elvir v. Trinity Marine Prods.,* 327 F.R.D. 532, 550 (M.D. La. 2018) ("The good-cause standard will not be satisfied if the court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.") (internal quotations and citation omitted). Indeed, the entire focus appears to be to push off this litigation entirely until after Mediation, which is improper. In addition, the Defendants fall short of carrying their burden to establish that the proposed extensions of time are important, that Plaintiff will not be prejudiced by the relief requested, and that a continuance might cure the substantial prejudice to Plaintiff if the Adversary Proceeding is delayed further. Accordingly, the Defendants have not shown that good cause exists to modify the deadlines in this Adversary Proceeding, and the Court should deny the Emergency Motion.

**a. Defendants Have No Basis for Their Lack of Diligence**

24. The Defendants have not been diligent in complying with their litigation deadlines, giving Plaintiff reasonable notice of any legitimate challenges Defendants faced in complying with the Court's Order Setting Rule 7016 Conference, or seeking the relief requested in the Emergency

Motion. The Defendants' purported "thesis[,]"[6] whatever it may be, is invalidated by the record before the Court. Although Plaintiff commenced the Adversary Proceeding, it was the Debtor who put this issue squarely before the Court on the Petition Date by—after treating the Plaintiff's loan as secured debt for more than a year prior thereto—asserting in its Petition, under penalty of perjury, that Plaintiff's claim is unsecured (it plainly is not). Given Mr. Galindo's testimony in the First Day Declaration, among other, similar arguments in the Debtor's First Day filings on the issue of Plaintiff's disputed secured claim, the Debtor cannot now be heard to complain that it is not prepared to proceed.[7]

25. The Debtor's lack of diligence is further demonstrated by its—in hindsight—half-hearted effort to comply with the Court's Order Setting Rule 7016 Conference. The Debtor and counsel to the principals of Defendant GM LLP have been aware of the Complaint and Defendants' obligations under the Federal Rules of Bankruptcy Procedure for weeks, notwithstanding the Emergency Motion's titular urgency. Plaintiff engaged in multiple discussions with counsel to the Debtor and counsel to The Mott Law Firm, PLLC throughout September, and the Debtor's co-counsel actively represented the Debtor in the Adversary Proceeding.

26. When the Debtor on September 24, 2026, sought to schedule a Rule 26(f) Conference, extend its Answer deadline, and agree to a date to exchange Initial Disclosures, it proposed October 6 and October 12, respectively. Plaintiff agreed to this reasonable accommodation in the interest of compromise and efficiency. The Debtor, however, never once raised the issue of possible conflicts, or further delays to the agreed litigation deadlines. GM LLP,

---

6 [Emergency Mot. ¶ 1.]

7 If the Debtor's co-counsel in the Chapter 11 Cases was unable to represent Debtor in respect of the issues it itself put in front of the Court, this is something that should have been addressed at the outset of the Chapter 11 Case or the Adversary Proceeding—not five weeks later—such that the resolution of the Parties' dispute could proceed timely and efficiently. Plaintiff does not understand counsel to be unable to represent the Debtor.

for its part, never sought an extension of its initial Answer deadline nor engaged with Plaintiff regarding the Order Setting Rule 7016 Conference at all.

27. The Debtor's participation in the Rule 26(f) Conference, and failure to abide its previously agreed extended deadlines, also demonstrates the Defendants' lack of diligence. During the October 6 meeting, the Debtor represented that it would be prepared to file its Answer on October 12, 2026, whether or not new litigation counsel would be retained by the Defendants and might seek an extension of time. (Stanfield Decl. ¶ 4.) Plaintiff made clear it thought a second extension of deadlines was inappropriate, and confirmed that it would prepare a Joint 26(f) Report for the Defendants to input their respective positions. (*Id.*) Instead, however, Defendants now assert that "a [26(f)] report built on" the October 6 conference would be futile, and Defendants' must not be bound by any prior positions or representations from that meeting. (Emergency Mot. ¶ 12.) The Defendants' position exposes their request as nothing more than an effort to avoid litigating the Adversary Proceeding for as long as possible, and is not evidence of any serious efforts to timely comply with the Court's Order Setting Rule 7016 Conference or the Bankruptcy Rules.

**b. Defendants Cannot Claim Ignorance to the Factual and Legal Matters in the Complaint, and the Proposed Modifications are Therefore Unnecessary**

28. Defendants also fail to establish that their requested modifications of deadlines are important or necessary. The Defendants—Borrowers under the 2025 Credit Agreement and parties to the related Security Agreement and other Loan Documents establishing Plaintiff's liens and secured claims—are the genesis of this dispute and should be entirely familiar with the limited factual record and legal issues presented. The Defendants make much of the 88 paragraphs in the Complaint, yet ignore that it was the Debtor that brought this issue to the fore by asserting in its Petition and other First Day filings that Plaintiff had an unsecured claim. Taken together with the

Debtor's First Day Declaration and Emergency Cash Collateral Motion, which were filed before the Complaint, there is no support for the Defendants' position that the relief requested is important and necessary due to the complexity of the Complaint. Rather, the Debtor caused the filing of the Complaint, and any purported emergency here is entirely of the Defendants' own creation.

**c. Any Extension Substantially Prejudices Plaintiff and Rewards Defendants' Gamesmanship**

29. The Defendants' seeming effort to delay adjudication of the Adversary Proceeding by using dilatory tactics is highly prejudicial to Plaintiff (as well as the estate and all creditors). Plaintiff urgently filed the Complaint in response to the Petition and other First Day filings in order to protect its rights. The validity of Plaintiff's liens and amount of its secured claim—by far the largest claim in this Chapter 11 Case—is a fulcrum issue for any attempted future reorganization of the Debtor. Absent clarity on the treatment of Plaintiff's claim, the estate and all creditors will be in limbo, as the Debtor will be unable to propose a plan of reorganization that has any chance of succeeding. The Defendants' attempt to delay resolution of the Adversary Proceeding is therefore prejudicial to all creditors, and Plaintiff in particular, to the extent it needlessly delays administration of the estate.

30. It is also telling that, even setting aside the Debtor's First Day relief, it has filed at least five requests for emergency relief from the Court, including the Emergency Motion in this Adversary Proceeding. When the Debtor's largest creditor has sought relief, however, the Debtor believes different rules apply, and timeliness—much less urgency—appears optional. The Court should not approve of such gamesmanship, particularly here, when Plaintiff has already in the spirit of compromise agreed to a reasonable extension of time. Further extending litigation deadlines may delay the Parties' exchange of discovery and prevent the Parties from maintaining an efficient litigation schedule, such as the one proposed in Plaintiff's Rule 26(f) Report. Such

delay substantially prejudices Plaintiff, including by extending the costs and schedule of the larger Chapter 11 Case, preventing the development of a viable path to reorganization absent clarity as to Plaintiff's claim, and increasing the risk that Plaintiff's Collateral may not be properly segregated or maintained.

**d. A Continuance Does Not Cure the Substantial Prejudice to Plaintiff Caused by Further Delay of the Adversary Proceeding**

31. Here, a continuance would not serve to limit the prejudice Plaintiff will suffer should the Defendants' requested extensions of time be allowed. The Emergency Motion seeks to continue all deadlines in the Adversary Proceeding and delay the Rule 7016 Conference an additional 30 days, notwithstanding the Defendants' knowledge of the Court's Order Setting Rule 7016 Conference for over five weeks. Plainly, any additional continuance here serves no benefit, and this factor weighs in favor of a finding that Defendants have not established good cause.

## CONCLUSION

32. WHEREFORE, based on the foregoing, CMG respectfully requests the Court deny the Emergency Motion, require Defendants to immediately comply with the Court's Order Setting Rule 7016 Conference, comply with discovery deadlines, and appear on October 19, 2026 pursuant to the Order Setting Rule 7016 Conference to discuss the Rule 26(f) Report and proposed Case Schedule submitted by CMG on October 12, 2026.

[*Remainder of Page Intentionally Left Blank.*]

Dated: October 14, 2026
Houston, Texas

*/s/ Craig Stanfield*
Craig Stanfield (TX Bar No. 24051371)
**PAUL HASTINGS LLP**
609 Main Street, Suite 2500
Houston, TX 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-0111
Email: craigstanfield@paulhastings.com

-and-

Kristopher M. Hansen (*pro hac vice* pending)
Jon Canfield (*pro hac vice* pending)
Daniel Ginsberg (*pro hac vice* pending)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Emails: krishansen@paulhastings.com
joncanfield@paulhastings.com
danielginsberg@paulhastings.com

*Counsel to CMG Funding 2025 LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW FIRM,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-90764 (ARP) |
| CMG FUNDING 2025 LLC,<br><br>Plaintiff,<br><br>-against-<br><br>CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW FIRM, and GALINDO & MOTT, LLP,<br><br>Defendants. | Adv. Pro. 26-03633 (ARP) |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on October 14, 2026, a copy of the foregoing was served by electronic mail on the Defendants' counsel:

Charlie Shelton
HAYWARD PLLC
cshelton@haywardfirm.com

Mazin A. Sbaiti
Kevin N. Colquitt
Sbaiti & Company PLLC
mas@sbaitilaw.com
knc@sbaitilaw.clanieom

---

[1] The Debtor's address is 18000 Groeschke Road, Suite A-7, Houston, Texas 77084, and the last four digits of the Debtor's federal tax identification number is 5859.

Dated: October 14, 2026
Houston, Texas

*/s/ Craig Stanfield*
Craig Stanfield (TX Bar No. 24051371)
**PAUL HASTINGS LLP**
609 Main Street, Suite 2500
Houston, TX 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-0111
Email: craigstanfield@paulhastings.com

-and-

Kristopher M. Hansen (*pro hac vice* pending)
Jon Canfield (*pro hac vice* pending)
Daniel Ginsberg (*pro hac vice* pending)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Emails: krishansen@paulhastings.com
joncanfield@paulhastings.com
danielginsberg@paulhastings.com

*Counsel to CMG Funding 2025 LLC*